IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:15-cr-00157 |
| | ) JUDGE RICHARDSON |
| NICK COLLINS | ) |
| | ) |

### ORDER

Pending before the Court is Defendant's "Unopposed Motion Requesting Early Termination of Supervised Release and Supporting Memorandum" (Doc. No. 125, "Motion"). Via the Motion, Petitioner asks the Court to terminate his 5-year term of supervised release, of which he has served just over thirty-six (36) months. (*Id.*) Defendant indicates that the Probation Office cannot support an early term of supervision due to Defendant being a career offender,[1] but that the Government does not oppose Defendant's request for early termination of supervised release. (*Id.* at 3). However, the Probation Office did indicate that Defendant has a positive attitude and communicates well with them. (*Id.* at 3).

**I. Background**

Defendant's five-year term of supervised release was imposed (by visiting United States District Judge Marvin Aspen) on October 12, 2022, as part of his sentence imposed after his conviction by guilty plea to possession of a firearm of a firearm subsequent to a felony conviction, in violation of 18 U.S.C. §922(g). (Doc. No. 125 at 3). Defendant was sentenced to two (2) months of imprisonment. (*Id.* at 2). On December 23, 2022, after serving that sentence, Defendant was

---

[1] The Court wonders whether Defendant here actually meant "armed career criminal" rather than "career offender." At the time of sentencing in this case, Defendant had the former status, although he received relief from the mandatory minimum sentence generally required for armed career criminals, which is why he was eligible for a sentence of incarceration as low as two months.

released from custody and began serving his term of supervised release. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed December 2, 2025).

Defendant has had one supervised release violation petition filed which was later dismissed due to mistaken identity, and no positive drug screens. (Doc. No. 125 at 3). However, Defendant did struggle with alcohol and entered Freeman Recovery; he completed their program in February 2024. (*Id.*). He has passed every drug screen. (*Id.*). Since February 2024, Defendant has maintained stable employment as a tattoo artist and has also since maintained his own residence. He has reunited with his wife and children and also cares for his grandfather. (*Id.*). [2]

Defendant contends that these facts warrant the termination of his supervised release.

**II. Law and Analysis**

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583. When determining whether to grant early termination, courts must consider the following factors, to the extent applicable to a particular case:

> (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense."

---

[2] The Court accepts as true each fact set forth in this paragraph, either because it is clear from the record in this case or because it has not been contested by the Government.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7). In addition to the aforementioned factors under Section 3553(a), federal judicial policy calls for courts to contemplate the following considerations when evaluating the appropriateness of early termination of supervised release: (1) stable community reintegration, (2) progressive strides toward supervision objectives, (3) no aggravated underlying convictions, (4) no history of violence, (5) no recent arrests, convictions, alcohol or drug abuse, and (6) no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

After considering the applicable § 3553(a) factors, and given the lack of opposition by the Government, the Court finds support for Defendant's request for early termination of supervised release. It is undisputed that Defendant has successfully transitioned into his community, complied with his conditions of supervised release, and maintained steady employment. The Motion does not establish that Defendant has done much more than what is expected of anyone on supervised release, and so this is not the strongest showing the Court has seen. On the other hand, termination is more warranted in this case given that Defendant has served a greater amount of time on supervised release (nearly 36 months) and a higher percentage of his term (approximately 60 percent) than have most of the movants this Court encounters.

Thus, upon the application of the applicable § 3553(a) factors, and in consideration of the lack of opposition, the Court finds that termination of supervised release is warranted at this time. Therefore, the Motion (Doc. No. 125) is **GRANTED**, and Defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE